# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8515 | **DATE** | 3/22/2001 |
| **CASE TITLE** | Allstate Insurance vs. K-Mart Corporation et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Motion [20-1] is granted in part denied. We deny K-Mart's motion to dismiss Count II of the complaint with respect to subrogors Potts, Rubalcaba and Singer. We grant the motion to dismiss the claims asserted for subrogros Rivera and Hong in Count II. Finally, we grant K-Mart's motion to dismiss Counts IV, VI, VIII, X and XIV of the complaint pursuant to Rule 9(b).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 3 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials | MAR 2 3 2001 date mailed notice | |
| TSA | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLSTATE INSURANCE COMPANY, )
As Subrogee of William Brown, Leslie Posner, )
Michael Potts, Evelyn Rivera, )
Esperanza Rubalcaba, Kenneth Singer and )
Young Joon Hong, )
)
                Plaintiff, )
)
     vs. )    Case No. 99 C 8515
)
K-MART CORPORATION and )    Judge Wayne R. Andersen
JOHN DOES 1-10, )
)
               Defendants. )

MAR 28 2001

## MEMORANDUM, OPINION AND ORDER

Plaintiff, ALLSTATE INSURANCE COMPANY ("Allstate"), has filed a twelve count Complaint alleging that Defendants K-MART CORPORATION ("Kmart") and JOHN DOES 1-10 failed to exercise reasonable duty of care, sold unreasonably dangerous and defective products to Plaintiff's subrogors, breached implied warranty of merchantability, and committed consumer fraud in violation of various state laws. As a result, the Complaint alleges that Plaintiff sustained property damage due to fires caused by halogen torchiere lamps, which Kmart sold. Kmart has moved to dismiss counts II, IV, VI, VIII, X, and XIV of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) in two separate motions, which we combine for the purpose of this opinion. For the reasons stated below, we grant Defendants' motions in part and deny them in part.

46

## BACKGROUND

The following facts are taken from the allegations in plaintiff Allstate's Complaint, which we take as true for purposes of this motion. Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 509 (7th Cir. 1996). Allstate provided its customers Brown, Posner, Potts, Rivera, Rubalcaba, Singer and Hong with an insurance policy covering loss due to fire. Between 1990 and 1998, each of the above listed customers purchased a torchiere halogen lamp from a Kmart store (with the exception of Brown, who received the lamp as a gift). Each customer filed a claim with Allstate seeking reimbursement for damages caused by fires occurring between 1996 and 1999 that investigators determined were caused by the allegedly defective torchiere halogen lamp. Allstate paid to, or on behalf of, its customers a total sum in excess of $158,522.23. The customers then subrogated their rights to Allstate for the purpose of this lawsuit.

## DISCUSSION

In deciding a motion to dismiss, the court should accept all allegations as true. Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 509 (7th Cir. 1996). Further, courts must read those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. Of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). We shall, therefore, assume all incidents to have occurred as set forth in Allstate's Complaint.

I.  Motion to Dismiss Count II: Product Liability

    A.  Potts' and Rubalcaba's Claims

Kmart contends that both the Potts and Rubalcaba claims are untimely under the Illinois Statute of Limitations, 735 ILCS 5/13-213. In response, Allstate argues that we should apply the law of California rather than that of Illinois to the Rubalcaba claim. As for the Potts claim,

Allstate asserts that Kmart has cited the wrong provision of the Illinois Statute of Limitation to the claim.

"When its jurisdiction is based on diversity of citizenship, a federal court is obliged to apply the statute of limitations of the state in which it sits." Reinke v. Boden, 45 F.3d 166, 170 (7th Cir.), cert. Denied, 516 U.S. 817 (1995). Thus, we will apply Illinois' law unless we determine that the cause of action arose outside the state of Illinois and that the applicable foreign jurisdiction's statute of limitations is, in fact, shorter than that in Illinois, in which case the Illinois Borrowing Act dictates that we apply that of the foreign jurisdiction. Stavritoits v. Litwin, 710 F. Supp. 216, 217 (N.D. Ill. 1988); Malone v. Bankhead Enterprises, Inc., 125 F.3d 535 (7th Cir. 1997).

Applying this analysis to the Potts claim, it is clear that the cause of action arose here in Illinois. Under the "significant interest" test used in Illinois to determine where a cause of action arose, we look at (1) where the damage occurred, (2) where the conduct causing the injury occurred, (3) where the parties are domiciled or have their place of business, and (4) where the parties' relationship is centered." Indeck Power Equip. Co. v. Jefferson Smurfit Corp., 881 F. Supp. 338 (N.D. Ill. 1995). Potts purchased his lamp here, the fire occurred here and the plaintiff has its place of business here. Therefore Illinois' statute of limitations applies to the Potts claim.

We next determine which Illinois statute of limitations should be applied to this cause of action. Kmart argues that applicable statute is supplied by 735 ILCS 5/13-213(d), which it contends sets forth a two-year limitations period. Allstate argues that the applicable statute of limitations is 735 ILCS 5/13-205, which sets forth a limitations period of five years. Section 13-205 provides that actions "to recover damages for an injury done to property, real or personal"

are to be commenced within five years after the cause of action arose. Section 5/13-213 states, in pertinent part, that

> (b) Subject to the provisions of subsections (c) and (d) no product liability action based on any theory or doctrine shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.
>
> (d) Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred. In any such case, if the person entitled to bring the action was, at the time the personal injury, death or property damage occurred, under the age of 18 years, or under a legal disability, then the period of limitations does not begin to run until the person attains the age of 18 years, or the disability is removed.

735 ILCS 5/13-213 (b) & (d).

In Allstate Ins. Co. v. Westinghouse Elec. Corp., 68 F.Supp.2d 983 (N.D. Ill. 1999), Judge Kennelly analyzed the interplay of these two provisions. Kmart argues that 13-213 (d) provides a clear two year statue of limitations to product liability cases. Allstate argues that 13-213 (d) does not provide the limitations period generally applicable to product liability actions, but rather sets forth, in 13-213 (b), a statute of repose that serves as an overlay to the limitations period supplied by other statutes, such as 13-205. As Judge Kennelly recognized in the Allstate case, the Illinois appellate courts are split on which interpretation is correct and the Supreme Court of Illinois has not resolved that split. Id. at 985-86. Cf. Calumet Country Club v. Roberts Environmental Control Corp., 136 Ill.App. 3d 610 (1st Dist. 1985) with American Family Ins. Co. v. Village Pontiac-GMC, 182 Ill.App.3d 385 (2d Dist. 1989). We agree with the Allstate

4

decision that the Illinois Supreme court is more likely to adopt Allstate's view than Kmart's. As that court stated, "Section 13-213 (b) clearly contemplates reference to some other statute as supplying the applicable limitations period when it says that no strict product liability action may be commenced 'except within the applicable limitations period,' and then (and only then) applies a statute of repose as an overlay." Allstate, 68 F.Supp.2d at 986, citing 735 ILCS 5/13-213 (b). Otherwise, we effectively eliminate this provision from the statute.

We now apply this analysis to the Potts claim. First, to be actionable in Illinois, the Potts fire must have occurred within the twelve-year period provided in the statute of repose section 5/13-213(b). Potts purchased the lamp in December 1990. Adding ten years from this date, Potts had until December 2000 to discover the damage. The fire occurred on October 14, 1996, in Illinois, well within the ten-year period. Therefore, the Potts claim was within the time period set forth in the statute of repose. We next look to the applicable statute of limitations to determine whether the Potts claim is timely. Applying the applicable five-year statute of limitations from section 5/13-205, which governs suits relating to property damage, Potts had until October 14, 2001 to file a claim. Because Allstate, as subrogee, filed its Complaint on December 30, 1999, the suit is timely. We, therefore, deny Kmart's motion to dismiss the Potts claim from the case.

The Rubalcaba fire occurred in California and, therefore, California has the most significant interest in the litigation. We, therefore, must compare the statutes of limitation of Illinois and California, and choose the shorter of the two. Again, we begin with an analysis of the statute of repose under 5/13-213(b). However, we apply the Illinois statute of repose, because California does not have a comparable statute. Rubalcaba purchased the lamp in January 1997, well within the ten-year limit provided for under that statute. Her claim is within

the period set for the in the statute of repose. As we noted with respect to the Potts claim, the Illinois time limit for property damage is five years. The comparable California law, a catch-all provision, calls for a four year limitation. CAL. CIV. PROC. CODE § 343 (West 1973). The shorter, and, therefore, applicable, law, then, is that of California. The Rubalcaba fire occurred on April 13, 1997. She, therefore, had until April 13, 2001 to file a claim. Again, since Allstate filed its Complaint on December 30, 1999, the Rubalcaba claim also is timely. We, therefore, deny Kmart's motion to dismiss the Rubalcaba claim from the case.

B.   Rivera's Claim

Defendant maintains that because Kmart is not a manufacturer of the lamps in question Allstate's Complaint does not state a claim for relief under the Georgia product liability statute with respect to the subrogor Rivera. Application of the product liability statute is a substantive issue. A district court exercising its diversity jurisdiction applies the law of the state in which it sits, including the state's choice of law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941). As noted earlier, Illinois applies the law of the state in which the cause of action arose applying the significant relationship test. Rivera purchased the halogen lamp in Georgia, the fire occurred in Georgia, and Kmart has its place of business in Georgia. We, therefore, conclude that Georgia law will apply.

Georgia's product liability statute is limited to manufacturers and states in pertinent part:

> (b) (1) The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

O.C.G.A. § 51-1-11.

Under the Georgia statute, a 'manufacturer' is "a person who offers for sale or sells products or packaging to a distributor." O.C.G.A. § 12-8-161(3). A 'distributor' is "a person who takes title to products or packaging purchased for resale." O.C.G.A. § 12-8-161(2). Rivera is not a distributor under the Georgia statute, because she did not take the halogen lamp for resale. Rather, she is a consumer who bought the lamp for personal use. Because Rivera is not a distributor, Kmart cannot be a manufacturer pursuant to section 12-8-161(3), since under that section Kmart would have to sell the halogen lamp to a distributor.

Kmart does not meet the strict definition of a 'manufacturer'. Instead, it is a seller under O.C.G.A. § 11-2-103(1)(d). Section 11-2-103(1)(d) defines 'seller' as "a person who sells or contracts to sell goods". In addition, section 51-1-11.1 states:

> (a) As used in this Code section, the term "product seller" means a person who, in the course of a business conducted for the purpose leases or sells and distributes; installs; prepares; blends; packages; labels; markets; or assembles pursuant to a manufacturer's plan, intention, design, specifications, or formulation; or repairs; maintains; or otherwise is involved in placing a product in the stream of commerce. This definition does not include a manufacturer which, because of certain activities, may additionally be included within all or a portion of the definition of a product seller.
>
> (b) For purposes of a product liability action based in whole or in part on the doctrine of strict liability in tort, a *product seller is not a manufacturer as provided in Code Section 51-1-11 and is not liable as such.*
>
> (c) Nothing contained in this Code section shall be construed to grant a cause of action in strict liability in tort or any other legal theory or to affect the right of any person to seek and obtain indemnity or contribution.
>
> (d) This Code section shall apply to all causes of action accruing on or after July 1, 1987.

O.C.G.A. § 51-1-11.1 (emphasis added)

Georgia law is clear that strict liability is limited to manufacturers. Freeman v. United Cities Propane Gas of Ga., Inc., 807 F.Supp. 1533 (M.D. Ga. 1992). Because, as discussed above, a 'seller' is not a 'manufacturer' for strict liability purposes, the seller is not liable under section

51-1-11's strict liability theory. Ream Tool Co. v. Newton, 209 Ga. App. 226, 433 S.E.2d 67 (1993).

Allstate, nevertheless, cites cases in which courts found strict liability for sellers without relying on the product liability statute. *See* Ward v. Nance, 102 Ga.App. 201, 115 S.E.2d 781 (1960); Brock v. Simpson, 103 Ga.App. 800, 120 S.E.2d 885 (1961). We disagree with Allstate that these cases were brought under a product liability theory. The court in Ward, for example, determined that "a dealer may have a duty to discover a defect in its product." Id. at 202. The court's brief analysis centered around a negligence cause of action, particularly a duty to discover a defect, rather than a strict liability. In the Brock case, the first sentence of the court's opinion stated: "The situation of the retailer and consumer of packaged products is properly *governed by the rules of negligence law*." (emphasis added) Id. at 801 (*citing* Howard v. Jacobs' Pharmacy Co., 55 Ga.App. 163, 164, 189 S.E. 373, 374). Just as Ward, the Brock case was brought and analyzed under a negligence cause of action rather than under strict liability. We believe that Allstate's reliance on these cases is faulty and that the proper authority for the product liability count of the Complaint is the Georgia product liability statute codified under O.C.G.A. § 51-1-11.

We conclude, therefore, that Kmart is correct in its contention that a seller may not be strictly liable under the Georgia statute. We, therefore, grant Kmart's motion to dismiss this part of Allstate's Complaint.

C. Hong's Claim

With respect to the claim of subrogor Hong, Allstate has voluntarily withdrawn Hong's claim from Count II of its Complaint. We, therefore, dismiss Hong's count II claim without prejudice.

D.  Singer's Claim

Kmart maintains that, because it is not the manufacturer of the lamps in question, it cannot be liable under the Ohio product liability statute. Ohio Revised Code, Sec. 2307.71(I). Allstate argues that we should apply a different section of the Ohio statute, under which the supplier of a product may be treated as the manufacturer for purposes of strict liability. Ohio Revised Code Sec. 2307.78(B)(1).

In support of its position, Kmart cites the case of Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St. 3d 266, 617 N.E. 2d 1068 (1993). The only question in Leibreich was whether the defendant qualified as a manufacturer under Ohio Revised Code Sec. 2307.71(I). Since the defendant was a mechanic, who fixed the brake system in a flower delivery truck, and the system subsequently failed, allowing the truck to roll down hill unattended and injure four people, the court determined that the mechanic was not a *manufacturer* under the meaning of the statute, but merely provided service, repair or installation. The court in Leibreich did not determine whether the defendant was a 'supplier' under the Ohio statute.

To determine Kmart's liability, we first look to the definition of a 'supplier' under section 2307.71(P)(1)(a), which states:

> "Supplier" means, subject to division (P)(2) of this section, either of the following:
>
> (a) A person that, in the course of a business conducted for the purpose, *sells, distributes*, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce

Ohio Revised Code Sec. 2307.71(P)(1)(a). (emphasis added)

Because Kmart sold the halogen lamps to consumers, in this case specifically to Singer, and, thereby, placed the lamps in the stream of commerce, we conclude that Kmart is a supplier under Ohio law. Because Kmart falls within the definition of a 'supplier', it is subject to the

9

supplier liability statute under section 2307.78 of the Ohio code. Under part (B) of that section, the supplier is liable for a products liability claim "as if it were the manufacturer of that product, if the manufacturer of that product is or would be subject to liability...." Ohio Revised Code Sec. 2307.78(B).

In addition, however, Allstate must also meet any one of eight criteria set forth in section 2307.78(B):

(1) The manufacturer of that product is not subject to judicial process in this state;
(2) The claimant will be unable to enforce a judgment against the manufacturer of that product due to actual or asserted insolvency of the manufacturer;
(3) The supplier in question owns or, when it supplied that product, owned, in whole or in part, the manufacturer of that product;
(4) The supplier in question is owned or, when it supplied that product, was owned, in whole of in part, by the manufacturer of that product;
(5) The supplier in question created or furnished a manufacturer with the design or formulation that was used to produce, create, make, construct, assemble, or rebuild that product or a component of that product;
(6) The supplier in question altered, modified, or failed to maintain that product after it came into the possession of, and before it left the possession of, the supplier in question, and the alteration, modification, or failure to maintain that product rendered it defective;
(7) The supplier in question marketed that product under its own label or trade name;
(8) The supplier in question failed to respond timely and reasonably to a written request by or on behalf of the claimant to disclose to the claimant the name and address of the manufacturer of that product.

Ohio Revised Code Sec. 2307.78(B).

Because, Allstate's complaint alleges that Kmart "participated in the design, testing and inspection of the torchiere halogen lamps eventually sold in its stores" (Plaintiff's Complaint Paragraph 12), Allstate meets at least one of the necessary additional qualifications under section 2307.78(B)(5). That section states that the supplier must have "created or furnished a manufacturer with the design or formulation that was used to produce, create, make, construct, assemble, or rebuild that product...." Therefore, if Allstate's allegations are proved, Kmart will

be liable as a supplier under section 2307.78, and Allstate correctly brought this action under section 2307.78(B)(5).

We, therefore, conclude that Allstate has properly pled subrogor Singer's claim for strict product liability.

II. Motion to Dismiss Counts IV, VI, VIII, X and XIV: Fraud

Kmart also moves to dismiss counts IV, VI, VIII, X and XIV of Allstate's Complaint. Pursuant to Rule 9(b), all pleadings sounding in fraud must be stated "with particularity". Allstate argues that it has met the requirements of Rule 8(a) and nothing more is required. We agree that these counts, which, although based on different state statues, actually sound in fraud, require a higher standard of pleading under Rule 9(b).

Using the Illinois Consumer Fraud Act as one example, we believe that more detail is necessary to properly plead a claim in fraud. Such detail may include how the fraud was perpetrated, the identity of the party committing fraud, the time and place of the fraud, and specific language, which allegedly deceived the consumer. *See* Gallagher Corp. v. Massachusetts Mutual Life Insurance Co., 940 F.Supp. 176 (N.D. Ill. 1996); Azimi v. Ford Motor Company, 977 F.Supp. 847 (N.D. Ill. 1996).

Because we believe that fraud counts are unique in terms of specificity, we grant Kmart's motion to dismiss counts IV, VI, VIII, X and XIV of Allstate's Complaint.

## CONCLUSION

For the reasons stated above, we deny Kmart's motion to dismiss Count II of the Complaint with respect to subrogors Potts, Rubalcaba, and Singer. We grant the motion to dismiss the claims asserted for subrogors Rivera and Hong in Count II. Finally, we grant

Kmart's motion to dismiss Counts IV, VI, VIII, X and XIV of the Complaint pursuant to Rule 9(b).

                                        _____
                                        Wayne R. Andersen
                                        United States District Judge

Dated: March 22, 2001